UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JOSHUA LEE TEVIS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. |
| | ) | 5:17-CV-118-JMH-REW |
| v. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| RAVONNE SIMS, Warden | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

\*\*\*\*\*\*

This matter is before the Court upon the Report and Recommendation of former United States Magistrate Judge Robert E. Wier [DE 22] and Petitioner's objections [DE 23]. This action was referred to the magistrate judge for the purpose of reviewing the merit of Joshua Tevis's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. [DE 1]. Judge Wier recommended that Tevis's Petition be denied. [DE 22}. Tevis filed objections. [DE 23]. Having considered the matter *de novo*, the Court adopts Judge Wier's recommendation as its own.

**I. Background**

A Fayette Circuit Court jury found Joshua Tevis guilty of reckless homicide and being a persistent felony offender in the first degree after a trial in December 2014. *See Tevis v. commonwealth*, No. 2015-CA-213-MR, 2016 WL 1273040, at \*1 (Ky. Ct. App. Apr. 1, 2016). Tevis received a fifteen-year sentence and

1

after exhausting appeals in state court, he filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. [DE 1]. Warden Ravonne Sims responded [DE 16] and Tevis replied [DE 18]. Former Magistrate Judge (and current District Judge) Robert E. Wier issued a report and recommendation in which he recommended this court dismiss the petitioner with prejudice and deny a certificate of appealability. [DE 22]. Tevis filed timely objections [DE 23] making this matter ripe for review.

The Kentucky Court of Appeals provided a succinct version of the facts in this case:

> At approximately 2:30 a.m. on September 22, 2013, Tevis existed the Diva's Gentleman's Club in Lexington and walked to his vehicle. At the same time, Johntel Crocker and others were attempting to separate two women who were fighting near Tevis's vehicle. As Tevis approached his vehicle, he observed Crocker step on the rear bumper of his vehicle. Tevis took exception to this and exchanged words with Crocker as they crossed paths. Crocker paused, turned, and shoved Tevis against a wall. Almost immediately, Tevis pulled a gun and shot Crocker in the chest. Crocker ran, but collapsed moments later. Tevis fled the scene on foot, leaving his vehicle behind. When police arrived moments later, they found Crocker unresponsive. Officers and paramedics rendered first-aid; however, Crocker was pronounced dead upon arrival at the hospital.
>
> During their investigation, police obtained the surveillance video of the Diva's parking lot and eventually determined that Tevis was the individual who shot and killed Crocker. Soon afterward, Tevis turned himself in to the Lexington Police Department, and authorities charged him with Crocker's murder.
>
> On November 25, 2013, a Fayette County Grand Jury indicted Tevis for murder, being a convicted felon in possession of a handgun, and being a PFO in the first degree. The case proceeded to trial on December 9, 2014. At trial, Tevis's

2

> theory of the case was that he shot Crocker in self-defense. At the conclusion of a three-day trial, the jury returned a verdict of not guilty on the charge of murder. However, the jury convicted Tevis of reckless homicide, and found him to be a persistent felony offender in the first degree. The trial court imposed the recommended sentence of five years for the reckless homicide, enhanced to fifteen years by virtue of Tevis's conviction as a persistent felony offender.
>
> *Tevis*, 2016 WL 1273040, at *1 (footnote omitted).

In his habeas petition, Tevis argues (1) that the jury viewed excluded evidence, and (2) the prosecutor inappropriately referenced Tevis's decision to remain silent. Both errors, according to Tevis, require this Court grant a Writ of Habeas Corpus. Judge Wier disagreed, and so does this Court.

## II. Standard of Review

Under Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(c). Any objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term

is used in this context." *VanDiver v. Martin*, 304 F.Supp.2d 934, 937–38 (E.D. Mich. 2004).

**III. Analysis**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> 28 U.S.C. 2254(d)(1)–(2).

Tevis does not object to the magistrate judge's extended and sound discussion of the AEDPA standard. [DE 22, pp. 3-7]. Thus, the Court will not discuss it further here. The magistrate judge more than adequately laid out the standard, and this Court adopts it as its own.

Tevis makes two arguments why he is entitled to habeas relief under AEDPA. First, he argues that he deserves relief because the jury might have viewed certain portions of a video that had been excluded. [DE 1, pp. 5-7].

As the magistrate judge found the "video of the shooting was at the core of the proof." [DE 22, p. 7]. Of the more than hour-long video, only about twelve minutes were to be admitted under an agreement between the parties. [*Id*.]. But a DVD with the entire video went back to the jury. The Kentucky Court of Appeals determined that no error occurred because the court instructed the jury to view only the twelve-minute relevant portion of the video and the "jury is presumed to have followed this admonition." [DE 22, p. 9].

The state court of appeals wrote:

> During a bench conference, the court informed both parties that while the jury was in deliberations after the guilt phase, it requested the time stamp for the beginning of the relevant portion of the surveillance video. This strongly suggests that the jury followed the court's admonishment and only viewed the surveillance video's relevant portion.
>
> [DE 22, p. 9 (quoting Kentucky Court of Appeals opinion, *Tevis*, 2016 WL 1273040, at *2–3)].

Tevis takes aim at this analysis, but he misses the mark:

> How could the jury find the Petitioner guilty without viewing the relevant portion of the video footage?  Furthermore, how could they have been presumed to follow the admonition given by the Honorable Judge Goodwine 'prior to deliberations'?
>
> The jury decided to find the defendant guilty of the charges with the excluded footage in the room during and then afterward ask about the time stamp for the relevant portion.
>
> [DE 23, p. 4].

As the magistrate judge pointed out, the Supreme Court has held that a "jury is presumed to follow its instructions." *Weeks v. Angelone*, 120 S.Ct. 727, 733 (2000). Tevis argues that presumption does not apply here: "How can such a presumption be made in this case that the jury followed such an admonition entering the guilt phase but then after finding the Petitioner guilty asked for the relevant time stamp?" [DE 23, p. 5].

Tevis, it seems, does not grasp what the state appeals court said in its opinion and what happened at trial. The jurors did not *first* find Tevis guilty and *then* ask for the timestamp. They asked for the time stamp in the jury room before rendering a verdict. And as the magistrate found, the Supreme Court has ruled that juries presumably follow admonitions, and the state court's decision was not contrary to or an unreasonable application of Supreme Court precedent. *Weeks*, 120 S.Ct. at 733.

The magistrate judge also found that even if the jury watched the video, the video was not prejudicial: "even assuming the jury viewed the excluded video portions (or, more likely, fast-forwarded through them), the jury would have merely seen (mostly mundane) footage of a parking lot, not involving Tevis (or implicating him in crime or prejudicial conduct) in any way." [DE 22, p. 12]. Thus, Kentucky's "treatment of this issue was reasonably consistent with these principles and this case law."

6

[*Id.*, p. 15].  Judge Wier's analysis is extensive.  Tevis does not make any objections regarding Judge Wier's discussion about the non-prejudicial nature of the video tape—his only objection centers on the jury asking for a time stamp, as discussed above. Thus, there is no other specific objection for this court to consider.  *Thomas*, 474 U.S. at 161.  So this Court accepts and adopts the magistrate's report and recommendation as its own.

Second, Tevis argues that the prosecutor's statements to the jury that no witness testified that Tevis was in fear for his life violated his Fifth Amendment rights.  This is so, Tevis argues, because the prosecutor's statements implicitly violated his right to be free from self-incrimination by the "prosecutor's repeated indirect references to his failures to take the stand." [DE 1, p. 7].  In particular, Tevis argues the prosecutor violated his rights when he stated that "there has been no evidence from any witness that you heard that the defendant feared for his life."  [*Id.*]. Tevis argues that he—and he alone—could have testified to whether he feared for his life.  Thus, according to Tevis, the prosecutor's statement necessarily implicated Tevis's Fifth Amendment right to silence.

The magistrate judge conducted a thorough and detailed review of Tevis's arguments.  And this Court finds itself in agreement with the magistrate judge: the state court's analysis on this issue

7

was not contrary to or an unreasonable application of federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). As the state court found, "the Commonwealth's statements merely alluded to the fact that the jury heard no testimony from any witness that would support Tevis's claim that he feared for his life." [DE 22, p. 17 (citing *Commonwealth v. Tevis*, 2016 WL 1273040 at *1–2 (Ky. Ct. App. 2016).

In his original petition, Tevis cited *Griffin v. California* for the proposition that the Constitution "prohibits comment on the defendant's silence." 85 S.Ct. 1229, 1232 n.5 (1965). And as the magistrate found, this is true, but it is not what occurred in Tevis's case. Two problems plague Tevis's argument: (1) the prosecution's comments applied to many witnesses who could have testified about whether Tevis talked about his fear, or Tevis's demeanor or body language [DE 22, p. 18 n.11], and (2) "the Supreme Court has not held that such comments invariably violate *Griffin*." [*Id.* (quoting *Webb v. Mitchell*, 586 F.3d 383, 397 (6th Cir. 2009)]. Indeed, in *Webb*, as the magistrate judge noted, the Sixth Circuit rejected an argument from a petitioner where a prosecutor referred to evidence as "uncontradicted" even though "only Webb could have contradicted" it. *Id.* at 397. As the magistrate judge determined, "there is no 'clearly established federal law as determined by the Supreme Court of the United States" that a prosecutor indirectly commenting on an accused's silence in the manner the

8

Commonwealth did here violated the Constitution." [DE 22, p. 18]. Because this is the standard AEDPA requires, Tevis has not met his burden for habeas relief.

In his objections, Tevis does not argue to the contrary. Instead, he argues merely that *new* law is needed for *future* similar cases. [DE 23, p. 2]. That is not how habeas relief works under AEDPA. Tevis's only other argument is the magistrate judge improperly applied the Sixth Circuit's "generally applicable test" in determining whether the prosecutor's statements violated the Fifth Amendment. This argument is beside this point. The magistrate judge conducted the generally applicable analysis purely to demonstrate that *even under Sixth Circuit law*, Tevis's arguments failed. But as the magistrate judge noted, the Sixth Circuit's test does "not constitute clearly established federal law as determined by the Supreme Court," which is what AEDPA requires. [DE 22, p. 19]. The magistrate judge did not have to analyze the claim under Sixth Circuit precedent *at all*. The Supreme Court has not held that these comments violate the Constitution. *Webb*, 586 F.3d at 397. Thus, the state court's determination was not contrary to or an unreasonable application of federal law as decided by the Supreme Court, and Tevis is not entitled to relief.

The magistrate judge also recommended denying a certificate of appealability. [DE 22, p. 22]. A certificate may issue when the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). The magistrate judge found that Tevis failed to make a substantial showing of the denial of a constitutional right. [DE 22, p. 22]. Tevis makes not specific objection on this issues. But as this Court has already made clear in this Order, it agrees with the magistrate judge that Tevis has not made the showing required for a certificate of appealability.

## IV. Conclusion

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) that the Report and Recommendation of the magistrate judge [DE 22] is **ACCEPTED** and **ADOPTED** as the Court's own;

(2) that Tevis's Petition for Writ of Habeas Corpus [DE 1] is **DISMISSED WITH PREJUDICE**;

(3) that no certificate of appealability shall issue from this Court.

This the 13th day of July, 2018.



Signed By:
*Joseph M. Hood*   /s/
Senior U.S. District Judge